UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MICHAEL FLYNN,

    Plaintiff,

vs.

COMCAST CABLE
COMMUNICATIONS
MANAGEMENT, LLC,

    Defendant.
_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, MICHAEL FLYNN ("Mr. Flynn" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, Comcast Cable Communications Management, LLC. ("Comcast" or "Defendant") and alleges the following:

**INTRODUCTION**

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

**PARTIES**

2. Plaintiff worked for Defendant from August 12, 2019, until November 2, 2021, as a Senior Director of Market Development.

3. Plaintiff is protected by the ADEA because:

   a. He is a male over forty (40) years of age who suffered discrimination because of his age by Defendant; and

   b. He suffered an adverse employment action and was subjected disparate treatment based on his age, including being fired because of discrimination by Defendant regarding his age.

4. Defendant is a Florida Limited Liability Company that is engaged in the telecommunications industry.

5. At all times material, Defendant employed 20 or more employees.

6. Defendant is an employer as defined by 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

8. This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA claims.

9. Venue is proper in the Fort Lauderdale Division of the Southern District of Florida because Defendant conducts substantial business in Hollywood, Florida, and Plaintiff worked for Defendant in, among others, Broward County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

10. On or around August 18, 2022, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

11. On or around April 27, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue

against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. Flynn, who was born in 1961 and is currently sixty-two (62) years old, worked for Comcast in Florida, most recently as a Senior Director of Market Development, from August 12, 2019, until his termination on November 2, 2021.

16. During his years with Comcast, Mr. Flynn was an excellent and reliable employee, and routinely made his team and individual target metrics.

17. Throughout his employment with Comcast, Mr. Flynn was consistently subjected to abuse, harassment, and discrimination based on age, specifically by his immediate Comcast Manager, Rich Rollins.

18. In February of 2021, despite Mr. Flynn's performance being fine, Mr. Rollins put Mr. Flynn on a "performance improvement plan."

19. Mr. Rollins cited discriminatory reasons for this action, an stated that he had heard from Mr. Flynn's steam that he was "too slow, likely due to [his] age," and that he was "over the hill."

20. Mr. Rollins often repeated that "Comcast works fast" and stated, without evidence, that this might be a problem for Mr. Flynn since, Mr. Rollins' discriminatory animus assumed that Mr. Flynn was "not used to working fast."

21. Mr. Rollins continued to make discriminatory remarks disparaging Plaintiff's age for the remainder of his employment.

22. Mr. Rollins constantly stated that Mr. Flynn was "too old and slow to meet the needs" of Mr. Rollins's view of the business.

23. On another occasion Mr. Rollins stated, "maybe I shouldn't have hired someone with gray at his temples."

24. On November 2, 2021, Mr. Rollins called Mr. Flynn into a meeting. At that time, Mr. Rollins informed Mr. Flynn that Comcast was terminating Mr. Flynn's employment, effective immediately.

25. Comcast offered no cogent explanation for taking this extreme adverse employment action against Mr. Flynn.

26. Mr. Rollins merely stated that he was "moving in a different direction" and that Mr. Flynn was not going to be part of the organization.

27. Comcast swiftly replaced Mr. Flynn with two (2) significantly younger individuals.

28. It is clear that Comcast discriminated against Mr. Flynn based on age.

29. Any other "reason" theorized after the fact by Comcast for its termination of Mr. Flynn's employment is a pretext.

30. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

31. Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

32. Defendant's decision to replace Mr. Flynn with younger employees evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate

treatment in violation of the law.

33. Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

34. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination and retaliation he endured at the hands of the Defendant.

35. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- VIOLATION OF THE ADEA
### BASED ON AGE DISCRIMINATION

37. Plaintiff realleges and readopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

38. Plaintiff was over forty (40) years old when he was terminated.

39. Plaintiff was not terminated for cause.

40. Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

41. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

42. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

43. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

44. Plaintiff had more seniority than the employee who took over his primary job duties.

5

45. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

46. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

47. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

48. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

49. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

50. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

51. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

52. Provide any additional relief that this Court deems just.

### COUNT II- VIOLATION OF THE FCRA
### BASED ON AGE DISCRIMINATION

53. Plaintiff realleges and readopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

54. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

55. Plaintiff was over forty (40) years old when he was terminated.

56. Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

57. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

58. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

59. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

60. Plaintiff had more seniority than the employee who took over his primary job duties.

61. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

62. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT II

WHEREFORE, Plaintiff prays that this Court will:

66. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

67. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

68. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

69. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.

70. Provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 26th day of July, 2023.

Respectfully submitted,

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, 103
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Attorney for the Plaintiff*