UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.:    0:23-cv-61432-AMC

MICHAEL FLYNN,

    Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,

    Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION TO COMPEL ARBITRATION

Defendant, Comcast Cable Communications Management, LLC respectfully requests that the Court enter an order staying this case and compelling arbitration pursuant to the parties' agreement.

1. On July 26, 2023, Flynn filed a Complaint against Comcast, alleging Comcast discriminated against and unlawfully terminated him in violation of the Age Discrimination in Employment Act and the Florida Civil Rights Act.

2. During his employment with Comcast, Flynn agreed to participate in a multi-step alternative dispute resolution program, including binding arbitration. His claims are covered by that program. Based on Flynn's agreement, Comcast requests that the Court enter an order compelling resolution through that alternative dispute resolution program and to staying the proceedings in this Court.

3. Counsel for the parties have conferred and Flynn agrees to submit this matter to the alternative dispute resolution program agreed to by the parties. Accordingly, Comcast requests the

entry of the accompanying proposed agreed order staying this matter pending the outcome of those proceedings.

## Memorandum of Law in Support

The Federal Arbitration Act reflects "a liberal federal policy favoring arbitration" and requires courts to compel the arbitration of any claims covered by an arbitration agreement in accordance with its terms. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 338 (2011). The "unmistakably clear" congressional purpose of the FAA is that the arbitration procedure selected by the parties be "speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 24 (1983). Under the FAA, a claim is arbitrable if the following three criteria are satisfied: (1) there must be a valid agreement to arbitrate. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986); (2) the claim must fall within the scope of the arbitration agreement. *Mitsubishi*, 473 U.S. at 626; *Kidd v. Equitable Life Assurance Soc. of U.S.*, 32 F.3d 516, 518–20 (11th Cir. 1994); (3) the claim, if a statutory claim, must not be one which the legislative body enacting it intended to be precluded from arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *Mitsubishi*, 473 U.S. at 627–28.

Here, all three elements have been met. First, the parties agree that there is a valid written agreement to arbitrate. Second, Flynn's claims of employment discrimination fall within the scope of the agreement. The agreement applies to claims related to his employment, including "allegations of unlawful discrimination[.]"

Finally, neither Congress nor the Florida legislature have precluded Flynn's claims from being arbitrated. In fact, the United States Supreme Court has detailed the benefits of submitting

employment disputes to binding arbitration:

> [T]here are real benefits to arbitration in the employment context, including avoidance of litigation costs . . . Adoption of respondent's position would call into doubt the efficacy of many employers' alternative dispute resolution procedures, in the process undermining the FAA's proarbitration purposes and breeding litigation from a statute that seeks to avoid it.

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105. 107 (2001). "Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). Therefore, the allegations raised in Flynn's complaint are arbitrable issues.

Finally, the FAA also requires that court proceedings be stayed during the pendency of the arbitration. *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1305 (11th Cir. 2018) (noting that the FAA requires courts to stay a case that is covered by a binding arbitration clause); *Athon v. Direct Merchs. Bank*, 251 F. App'x 602 (11th Cir. 2007); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F. 2d 698, 699 (11th Cir. 1992) (staying Title VII and state law claims pending arbitration); *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648 (11th Cir. 1988) (vacating district court order permitting discovery to proceed, while staying trial of action and compelling arbitration). Accordingly, this action should be stayed while the parties arbitrate.

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Since service of the Complaint, Counsel for the parties have been in regular communication via email regarding Comcast's request for Flynn to submit his claims to the alternative dispute resolution program agreed to by the parties. Flynn has agreed to the relief requested in this unopposed motion.

3

Dated: August 18, 2023 
Respectfully submitted,

/s/ Alexander Castro
Michael A. Holt
Florida Bar No. 91156
mholt@fisherphillips.com
Alexander Castro
Florida Bar No. 1003630
acastro@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954)-525-4800

*Attorneys for Comcast Cable Communications Management*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing document has been provide to all counsel of record or unrepresented parties on the service list below by the method indicated.

/s/ Alexander Castro
Alexander Castro

## Service List

Noah Storch, Esq.
noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243

*Attorney for Michael Flynn*

(Service via CM/ECF)

Michael A. Holt
mholt@fisherphillips.com
Alexander Castro
acastro@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954)-525-4800

*Attorneys for Comcast Cable Communications Management*

(Service via CM/ECF)